# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL J. VIEZBICKE,**

    Petitioner,

  v.                                         Case No. 18-CV-1430

**JIM JOHNSON,**

    Respondent.

---

## RECOMMENDATION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS ON RULE 4 REVIEW

---

Michael J. Viezbicke is currently incarcerated at Dodge Correctional Institution pursuant to a Wisconsin state-court judgment of conviction. He has filed a federal habeas petition alleging that he is in custody in violation of the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. Because it plainly appears that Mr. Viezbicke has failed to exhaust his state-court remedies, the Court will recommend that the petition be dismissed on preliminary review.

**I.    Background**

On August 14, 2018, Mr. Viezbicke pled no contest in Ozaukee County Circuit Court to strangulation and suffocation, in violation of Wis. Stat. § 940.235(1), and fourth-degree sexual assault, in violation of Wis. Stat. § 940.225(3m). *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody 1, ECF No. 1. He was sentenced to a total of five years' imprisonment. Mr. Viezbicke's appeal currently is pending before Wisconsin Court of Appeals, District II. Pet. 2.

On September 12, 2018, Mr. Viezbicke filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he alleges four grounds for relief: (1) "8th Amendment excessive bail, fines, and punishments prohibited 'cruel and unusual punishment'"; (2) "5th Amendment guaranty of trial by jury; private property to be respected 'due process'"; (3) "6th Amendment rights of accused persons 'assistance of counsel for his defense'"; and (4) "4th Amendment limiting the right of search 'papers and effects, against unreasonable searches.'" Pet. 5–16. The matter was randomly assigned to this Court, and Mr. Viezbicke paid the $5.00 filing fee. The respondent has not yet appeared in this action.

## II. Discussion

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts must promptly review habeas petitions filed pursuant to § 2254. Rule 4 states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, the Court generally analyzes three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

Mr. Viezbicke has not exhausted his state-court remedies as to any grounds raised in his Petition, a statutory prerequisite to seeking federal habeas relief. *See*

28 U.S.C. § 2254(b)(1)(A), (c). Indeed, Mr. Viezbicke acknowledges in his Petition that he is awaiting the appointment of counsel so he can pursue his state-court appeal. *See* Pet. 2, 6, 7, 14, 15, 17. Because Mr. Viezbicke's federal habeas clock has not yet started, dismissal would not preclude federal review. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Viezbicke may still pursue his habeas claims—but only after exhausting his remedies in the Wisconsin state courts.

### III. Conclusion

Accordingly, it plainly appears that Mr. Viezbicke is not yet entitled to relief in the district court. The Court also finds that Mr. Viezbicke is not entitled to a certificate of appealability, as he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2254 Cases. This is so because Mr. Viezbicke has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, this Court cannot "resolve the case finally." *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of the following recommendations: (1) that Mr. Viezbicke's Petition be dismissed; (2) that this action be dismissed; (3) that a

certificate of appealability be denied; (4) that the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Michael J. Viezbicke's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 1, be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court to enter judgment accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this <u>7th</u> day of November, 2018.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge
